UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MALIBU MEDIA, LLC, | Civil No.   12-cv-1847-AJB (DHB) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE** |
| v. | |
| JOHN DOES 1 through 16, | |
| Defendants. | **[ECF No. 5]** |

On August 14, 2012, Plaintiff Malibu Media, LLC filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Motion"). (ECF No. 5.) Because no Defendant has been named or served, no opposition or reply briefs have been filed. The Court finds this Motion suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons discussed below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. PROCEDURAL HISTORY**

On July 27, 2012, Plaintiff filed a Complaint against John Does 1 through 16 ("Defendants"). (Compl., ECF No. 1.) Plaintiff asserts it is the registered owner of the copyright for sixteen adult entertainment movies. (Compl. at ¶¶ 2, 12; ECF No. 1-2.) Plaintiff alleges a claim for copyright infringement, stating that Defendants reproduced and distributed Plaintiff's copyrighted works through the Internet without Plaintiff's authorization. (Compl. at ¶¶ 47-53.) Plaintiff also pleads contributory copyright infringement, alleging that Defendants illegally obtained the copyrighted works and assisted

others in doing the same. (Compl. at ¶¶ 54-63.)

On August 18, 2012, Plaintiff filed the instant Motion in which Plaintiff seeks leave to take early discovery to learn the identities of the Doe Defendants from their respective Internet Service Providers ("ISPs"). Specifically, Plaintiff seeks an order permitting it to serve Rule 45 subpoenas on the third party ISPs and any related intermediary ISPs demanding the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP issued an Internet Protocol ("IP") address. (Motion at 1:18-21.) Plaintiff attached to its Motion a list of the IP addresses associated with the subscribers it hopes to identify as Defendants. (*See* ECF No. 5-3, Decl. Tobias Feiser ("Feiser Decl."), Ex. B.)

## II. FACTUAL ALLEGATIONS

In the Complaint, Plaintiff alleges that the sixteen Doe Defendants collectively infringed its copyrighted works using a BitTorrent file transfer protocol. (Compl. at ¶¶ 17-44.) The Defendants are purportedly a collection of "BitTorrent users" or "peers" whose computers are connected for the purpose of sharing a file, otherwise known as a "swarm." (Compl. at ¶ 18 ("The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a 'swarm' of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).").)

Plaintiff alleges that following Defendants' unlawful infringement of its copyrighted works using the BitTorrent protocol and file-sharing "swarm," Plaintiff retained IPP, Limited ("IPP"), a computer forensic investigation firm, to identify the IP addresses being used to participate in the infringement. (Compl. at ¶ 38.) Plaintiff further alleges that IPP utilized computer forensic software to determine that each Defendant copied a portion of Plaintiff's copyrighted works during the same series of transactions and that Defendants were identified by their IP addresses. (Compl. at ¶¶ 39-44.)

## III. LEGAL STANDARDS

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases,

1 courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to
2 permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."
3 *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*,
4 629 F.2d 637, 642 (9th Cir. 1980)). Requests for early or expedited discovery are granted upon a
5 showing by the moving party of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D.
6 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating
7 Plaintiff's request for expedited discovery").

8 "The Ninth Circuit has held that when the defendants' identities are unknown at the time the
9 complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants'
10 identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would
11 be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*,
12 No. 12-cv-0186 MMA (RBB), 2012 U.S. Dist. LEXIS 62980, *7 (S.D. Cal. May 4, 2012) (quoting
13 *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional
14 facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells*
15 *Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

16 District courts apply a three-factor test when considering motions for early discovery to identify
17 certain defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient
18 specificity such that the Court can determine that defendant is a real person or entity who could be sued
19 in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the
20 elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process
21 on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that
22 plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d
23 at 642). "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure
24 that the plaintiff has standing to pursue an action against defendant," plaintiff must show that some act
25 giving rise to liability actually occurred and that the discovery is aimed at identifying the person who
26 allegedly committed the act. *Id.* at 579-80 (citing *Plant v. Various John Does*, 19 F. Supp. 2d 1316,
27 1321 n.2 (S.D. Fla. 1998)).
28 / / /

# IV. ANALYSIS

Plaintiff seeks an order permitting it to subpoena two ISPs for documents and information sufficient to identify the subscribers of the assigned IP addresses listed in Exhibit B to declaration of Tobias Feiser filed in support of Plaintiff's Motion: (1) Cox Communications; and (2) Road Runner. (ECF No. 5-3, Feiser Decl., Ex. B.)

## A. Identification of Missing Parties with Sufficient Specificity

First, Plaintiff must identify the Doe Defendants with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. This court has "determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings*, 2012 U.S. Dist. LEXIS 62980, at *10 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011)).

Here, Plaintiff submitted a chart listing the unique IP address corresponding to each Defendant on the dates and times of the purportedly infringing activity, as well as the city and state in which each IP address is located. (ECF No. 5-3, Feiser Decl., Ex. B.) Consequently, Plaintiff has identified the Doe Defendants with sufficient specificity. *See OpenMind Solutions*, 2011 U.S. Dist. LEXIS 116552, at *6 (concluding that plaintiff satisfied the first factor by identifying the defendants' IP addresses and by tracing the IP addresses to a point of origin within the State of California); *Pink Lotus Entm't*, 2011 U.S. Dist. LEXIS 65614, at *6 (same). In addition, Plaintiff has presented evidence that the identified the IP addresses are physically located in this district. (*See* ECF No. 5-3, Feiser Decl., Ex. B.)

## B. Previous Attempts to Locate Defendants

Next, Plaintiff must describe all prior steps it has taken to identify the Doe Defendants in a good faith effort to locate and serve them. *See Columbia Ins.*, 185 F.R.D. at 579. In its Motion, Plaintiff describes the efforts it made to learn the IP addresses of each Doe Defendant. (ECF No. 5-1, Feiser Decl., at ¶¶ 13-21.) However, Plaintiff generally maintains that there are no other practical measures

available to determine the actual identities of the Doe Defendants. (Motion at 4:8-18.) Indeed, Plaintiff asserts that the second factor is satisfied because "there is no other way for Plaintiff to obtain Defendants' identities, except by serving a subpoena on Defendants' ISPs demanding it." (*Id.* at 4:16-17.)

Thus, Plaintiff appears to have obtained and investigated the available data pertaining to the alleged infringements in a good faith effort to locate each Doe Defendant. *See Digital Sin, Inc. v. Does 1-5698*, No. C 11-04397 LB, 2011 U.S. Dist. LEXIS 128033, at *4-5 (N.D. Cal. Nov. 4, 2011); *OpenMind Solutions*, 2011 U.S. Dist. LEXIS 116552, at *5-6; *MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 3, 2011); *Pink Lotus Entm't*, 2011 U.S. Dist. LEXIS 65614, at *6-7.

### C. Ability to Withstand a Motion to Dismiss

"Finally, to be entitled to early discovery, [Plaintiff] must demonstrate that its Complaint can withstand a motion to dismiss." *808 Holdings*, 2012 U.S. Dist. LEXIS 62980, at *13 (citing *Columbia Ins.*, 185 F.R.D. at 579).

#### 1. Ability to State a Claim Upon Which Relief Can Be Granted

In order to establish copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); 17 U.S.C. § 501(a). Here, Plaintiff alleges it owns the registered copyright of the motion pictures that Defendants copied using the BitTorrent protocol and BitTorrent Client. (Compl. at ¶¶ 48-49.) Plaintiff also alleges it did not authorize, permit, or consent to Defendants' copying of its works. (Compl. at ¶ 50.) It appears Plaintiff has stated a prima facie claim for copyright infringement that can withstand a motion to dismiss.

#### 2. Personal Jurisdiction

The plaintiff bears the burden of establishing jurisdictional facts. *See Columbia Ins. Co.*, 185 F.R.D. at 578. Plaintiff's Motion does not discuss whether this Court has personal jurisdiction over the Doe Defendants. However, Plaintiff's Complaint indicates that all of the potential sixteen Doe Defendants are located in this judicial district. (*See* Compl., Ex. A (showing that each IP address is located in San Diego County). The Complaint also alleges that each of Defendants' acts of copyright

infringement occurred using an IP address traced to a physical location in this district, that each Defendant resides in California, and/or each Defendant "has engaged in continuous and systematic business activity" in California. (Compl. at ¶ 5.)

Therefore, at this early juncture, it appears Plaintiff has alleged sufficient facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction because all of the Doe Defendants have an IP address that was traced to a location in this district. *See 808 Holdings*, 2012 U.S. Dist. LEXIS 62980, at *11.

### 2. Venue

"The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007) (citing 28 U.S.C. § 1400(a); *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923)). ) "In copyright infringement actions, venue is proper 'in the district in which the defendant or his agent resides or may be found.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)). "The Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amendable to personal jurisdiction if the district were a separate state.'" *Id.* (quoting *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1994)).

Plaintiff does not address venue in the Motion. In the Complaint, however, Plaintiff alleges venue is proper because although the true identities of the Doe Defendants are unknown, each Defendant may be found in this district, and a substantial part of the infringing acts complained of occurred in this district. (Compl. at ¶ 6.) All sixteen Defendants appear to have IP addresses in this district. Accordingly, Plaintiff's Complaint can likely survive a motion to dismiss.

### D. **Cable Privacy Act**

Finally, the Court must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant

1 to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. §
2 551(c)(2)(B). The ISPs that Plaintiff intends to subpoena in this case are cable operators within the
3 meaning of the Act.

### V.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference is **GRANTED**.

Plaintiff may serve subpoenas on the ISPs for the sixteen Doe Defendants, seeking the <u>true name and address</u> of those individuals with the IP addresses located in this judicial district as set forth on Exhibit A to Plaintiff's Complaint. That information (i.e, the subscriber's true name and address) should be sufficient for Plaintiff to be able to identify and serve the Doe Defendants. The Court finds it is not necessary for the ISPs to release Defendants' telephone numbers, e-mail addresses or MAC addresses. Thus, Plaintiff's request to seek early discovery regarding Defendants' telephone numbers, e-mail addresses and MAC addresses is **DENIED**.

Each subpoena must provide a minimum of <u>forty-five days'</u> notice before any production and shall be limited to one category of documents identifying the particular subscriber or subscribers on the "Hit Date (UTC)" listed on Exhibit A to Plaintiff's Motion. (ECF No. 1-1.) The requested information should be limited to the name and address of each subscriber. Any subpoenaed third party may seek a protective order if it determines there is a legitimate basis for doing so.

The ISPs shall have <u>fourteen calendar days</u> after service of the subpoenas to notify the subscribers that their identity has been subpoenaed by Plaintiff. Each subscriber whose identity has been subpoenaed shall then have <u>thirty calendar days</u> from the date of the notice to seek a protective order or file any other responsive pleading.

Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to the named ISPs. The ISPs, in turn, must provide a copy of this Order along with the required notice to any subscriber whose identity is sought pursuant to this Order.

/ / /
/ / /
/ / /

1 | No depositions or written discovery to Defendants are authorized at this time.

2 | **IT IS SO ORDERED.**

3 | DATED: September 4, 2012

4 | 
5 | DAVID H. BARTICK
United States Magistrate Judge